AMALGAMATED GROWTH INDUS-
TRIES, Inc., Plaintiff,

v.

BORCOA, Incorporated, a New York corporation, Defendant,

and

Joseph J. Casey, Defendant.

United States District Court
S. D. New York.
March 9, 1956.

---

5. Collier on Bankruptcy, 14th Ed., Vol. 1, p. 461.

Mitchell & Bechert, New York City, for plaintiff.

Henry P. Molloy, Jr., New York City, for defendants.

SUGARMAN, District Judge.

In an action based on diversity jurisdiction,[1] the plaintiff Amalgamated Growth Industries, Inc., sues the defendants Borcoa, Incorporated and Joseph J. Casey for equitable relief from the latter's alleged breach of two contracts.

Plaintiff moves (Motion No. 39) for an order restraining the defendants from proceeding with arbitration of the dispute between the parties pending disposition of the action.

Defendants move (Motion No. 39a) for an order (a) "pursuant to Section 1450 of Art. 84 of the Civil Practice Act of New York, directing that arbitration between the Plaintiff and Defendant Corporation proceed before the American Arbitration Association", and (b) "for a further order pursuant to Section 1451 of Art. 84 of the Civil Practice Act of New York staying all proceedings in this action until such arbitration before the American Arbitration Association has been had in accordance with the terms of the contract between the Plaintiff and the Defendant Corporation".

The complaint states two "claims"; one under the "Borcoa contract", the other under the "Casey contract".

There is no arbitration clause in the "Casey contract". Therefore the plaintiff is entitled to proceed in this court on its rights, if any, arising from defendants' alleged breach of that contract.

However, it appears that the claim asserted under the "Borcoa contract" is referable to arbitration under Paragraph 6 thereof.

It does not appear that the United States Arbitration Act[2] governs. "No maritime transaction is involved here. Nor does this contract evidence 'a transaction involving commerce' within the meaning of § 2 of the Act".[3] Accordingly, the law of New York controls,[4] i. e., Article 84 of the New York Civil Practice Act.

The plaintiff's motion (No. 39—to restrain defendants from proceeding with arbitration) is in effect one for a preliminary injunction and it is denied. As to the "Borcoa contract", an injunction against arbitration is not warranted because the arbitration clause therein found requires submission to that tribunal. The injunction is denied as to the "Casey contract" as unnecessary because no arbitration of disputes under this contract can be forced upon the plaintiff. The drastic remedy of injunction is not shown to be required to protect plaintiff's rights, since it cannot suffer an irreparable injury if an injunction is not granted, under the facts presented.

The first branch of defendants' motion (No. 39a—directing that arbitration proceed) is denied. Power to direct the submission of a dispute to arbitrators is, under New York law, reserved to the supreme court of that State or a "judge" thereof.[5]

1. 28 U.S.C.A. § 1332.

2. 9 U.S.C. § 1 et seq.

3. Bernhardt v. Polygraphic Co., 350 U.S. 198, 200, 76 S.Ct. 273, 275.

4. Bernhardt v. Polygraphic Co., 350 U.S. 198, 76 S.Ct. 273.

5. N.Y.C.P.A. § 1450.

The second branch of the defendants' motion (No. 39a—that all proceedings in this court be stayed pending the arbitration) is denied insofar as it seeks a stay of proceedings brought in this court on the "Casey contract". As hereinabove stated, that contract contains no provision for arbitration. To the extent that the second branch of the defendants' motion seeks a stay of proceedings in this court on the "Borcoa contract", the motion is granted.[6]

Settle an order.